**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHELLE BAILEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. CIV-12-334-HE** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration[1],** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff protectively filed her applications for DIB and SSI on August 18, 2008, alleging an onset date of June 10, 2006. Tr. 31. The applications were denied on initial consideration and on reconsideration at the administrative level Tr. 31. At Plaintiff's request, a hearing was held before the administrative law judge (ALJ) on December 16, 2009. Tr. 78-79, 99-123. The ALJ issued her decision on April 12, 2010, finding that Plaintiff was not disabled. Tr. 31-36. On February 16, 2012, the Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner. Tr. 1-6.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in

disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. Tr. 32-33. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 33. At step two, the ALJ found that Plaintiff had severe impairments including hypertension, obesity, sleep apnea, and bladder problems. Tr. 33. At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments met or equaled the listing of presumptively disabling impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 34. At step four, the ALJ found that Plaintiff was able to perform the full range of medium work. Tr. 34. At step four, the ALJ determined that, during the relevant period, Plaintiff was capable of performing her past relevant work (PRW) as a fast food worker, cabinet laminator, cashier/checker, and factory worker. Tr. 35. Thus, at step the ALJ determined that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Tr. 36.

## ISSUES PRESENTED

Plaintiff raises five points of error. First, she contends that the ALJ failed to follow the treating physician rule in evaluating the medical opinions in the case. Plaintiff's Opening Brief, 4. Second, she claims that ALJ failed to properly evaluate her pain; she contends that the ALJ found her pain to be nonsevere, but then failed to consider the numerous references in the record regarding pain in reaching her residual functional

capacity (RFC) determination. Plaintiff's Opening Brief, 8-12. Third, she claims that the ALJ's consideration of the impact of her obesity on her ability to work was flawed. Plaintiff's Opening Brief, 13. Fourth, Plaintiff contends that the ALJ failed to consider all of her impairments in reaching her disability determination, including those found to be nonsevere. Plaintiff's Opening Brief, 14. Finally, she contends that the ALJ's decision was so lacking in substance as to be incapable of review. Plaintiff's Opening Brief, 15. She notes that the ALJ failed to discuss the probative evidence or the limitations imposed by her impairments, did not weigh the opinion evidence, and failed to identify the signs, symptoms, and laboratory findings regarding Plaintiff's impairments or how they would impact her ability to work. Plaintiff's Opening Brief, 15-16.

The Commissioner responds that there were no medical opinions to evaluate. Commissioner's Brief, 3. The Commissioner argues that one doctor identified by Plaintiff, Dr. Kandimala, was neither a treating physician—because he treated her only twice—nor rendered any medical opinion to which weight need be assigned. Commissioner's Brief, 4. The Commissioner spends quite some time going through the medical record, and attempts to demonstrate how those records support the findings reached by the ALJ. *See* Commissioner's Brief, 5-7.

The Commissioner also argues that the ALJ's credibility analysis was supported by substantial evidence. Commissioner's Brief, 7. The Commissioner contends that a factor-by-factor recitation of the factors to be considered in reaching a credibility finding as to a claimant's subjective impairments is not necessary, and then notes that the ALJ mentioned that Plaintiff had pain and listed her activities of daily living in support of her credibility finding. Commissioner's Brief, 7. The Commissioner also defends the ALJ's

consideration of the effect of Plaintiff's obesity on her ability to work, citing the ALJ's statement that her gait was normal, and that there was no report that her obesity caused any shortness of breath or cardiovascular or musculoskeletal complications. Commissioner's Brief, 8.

Although conceding that the ALJ failed to discuss evidence as to Plaintiff's non-severe impairments, she defaults to the Plaintiff's burden of proof to show that any of these impairments caused any limitations "not accounted for" in the ALJ's RFC. Commissioner's Brief, 8. The Commissioner then goes on to consider the effects of the nonsevere impairments based on her own evaluation of the medical record. Commissioner's Brief, 8-13. Indeed, the Commissioner's discussion of these nonsevere impairments is longer than the entire decision of the ALJ. The remainder of the Commissioner's brief is her analysis of the evidence and an attempt to show that the ALJ's decision was supported by substantial evidence. Commissioner's Brief, 13-15.

In reply, the Plaintiff characterizes the Commissioner's response as nothing more than a post-hoc rationalization that cannot substitute for the ALJ's obligation to discuss and make findings that are capable of review. Plaintiff's Reply, 2.

**ANALYSIS**

The undersigned finds that all of Plaintiff's contentions regarding the numerous and varied errors in the decision under review are well-taken. For example, the Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating and non-treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling

5

weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and her reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required only if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ ] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for

denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

The ALJ makes little to no effort to evaluate the medical evidence contained in the 1100 page medical record before the Court. If the ALJ did not believe that Dr. Kandimala was a treating physician, there is no indication of that in the record. There is no weighing of any medical opinion that is apparent from the decision; even the ALJ's statement that she "generally agrees" with opinions of the state agency medical consultants is obtuse at best, particularly when the medical consultant notes that either no report from a treating or examining source was available or the treating or examining source failed to make any findings as to Plaintiff's physical capabilities. Tr. 498.

The ALJ's pain analysis is form over substance; she cites the correct standards, but then apparently finds that although Plaintiff's activities at times are limited by pain,

she includes no indication how (or even whether) any limitations were included to account for that pain. In fact, all that is included is the boilerplate language that has been repeatedly criticized by the Tenth Circuit. *See, e.g. White v. Barnhart,* 287 F.3d 903, 909 (10th Cir. 2001) (noting that the Tenth Circuit Court of Appeals has condemned the practice of boilerplate recitation of law and has insisted that "an ALJ give specific reasons why he or she rejects a claimant's subjective complaint of pain" (citation omitted)). But when ALJs elsewhere explain the assessments, their use of boilerplate language is not fatal. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) (stating that boilerplate language is insufficient to support a credibility determination only "in the absence of a more thorough analysis"); *see also Kruse v. Astrue*, 436 F. App'x 879, 887 (10th Cir. 2011) ("boilerplate language is insufficient to support a credibility determination only 'in the absence of a more thorough analysis'" (citation omitted)). Here, there is no analysis, much less one that could be characterized as "thorough."

Finally, it may well be that none of Plaintiff's nonsevere impairments had any impact on her RFC, but the decision is not written in any way that the undersigned can meaningfully review such a conclusion. The Commissioner's attempt to supply the discussion, evaluation, findings, and other requirements of a decision that might be supported by substantial evidence simply cannot take the place of the ALJ's obligation to supply a decision that is capable of review under the relevant factual and legal standards.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 13, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE